IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA ELENA REYES OLMOS, et al., | |
| Plaintiffs, | 4:23CV3191 |
| vs. | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al.; | MEMORANDUM AND ORDER |
| Defendants. | |

    The plaintiffs have filed this lawsuit to challenge the unlawful delays and inaction in processing applications for U nonimmigrant status filed by eligible noncitizen crime victims (Filing No. 9). Pursuant to 5 U.S.C. § 706(1), the plaintiffs seek to compel the U.S. Citizenship and Immigration Services ("USCIS"); Ur M. Jaddou, the Director of USCIS; and Alejandro Mayorkas, the Secretary of DHS; to determine whether the plaintiffs' pending applications for U status are *bona fide* such that they may be eligible for interim benefits, including work authorization and deferred action, while their applications for U status are considered. (Filing No. 9 at p. 2). The defendants have moved to dismiss the plaintiffs' amended complaint, asserting this Court does not have jurisdiction over the plaintiffs' claims to compel such discretionary action pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii). (Filing No. 15).[1]

    After the defendants filed their motion to dismiss, the plaintiffs moved to file a second amended complaint that (1) removes eight plaintiffs who have since been granted *bona fide* determinations (BFD), deferred action, and employment authorization since this action was filed; (2) adds a cause of action for certain plaintiffs to allege the defendants have unreasonably failed to comply with their duty to place them on the U visa waitlist in violation of 8 C.F.R. § 214.14(d)(2) and 5 U.S.C. § 706(1); and (3) adds allegations regarding the defendants' BFD and waiting list processes, pursuant to 8 U.S.C. § 1184(p)(6), 8 C.F.R. § 214.14(d)(2), and the USCIS Policy Manual, Volume 3, Part C, Chapters 5 and 6. (Filing No. 20). The defendants oppose the plaintiffs' second amended complaint for the same reason they moved to dismiss their first amended

---

[1] Alternatively, the defendants argue all but the lead plaintiff's claims should be dismissed without prejudice because the plaintiffs are improperly joined under Rule 20 of the Federal Rules of Civil Procedure. (Filing No. 15 at p. 2).

complaint: the court lacks subject matter jurisdiction over the claims, and thus the amendments are futile. (Filing No. 22).

## BACKGROUND

As set forth in the plaintiffs' first amended complaint, Congress enacted the U Visa statute in 2000 to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases of domestic violence, sexual assault, trafficking of aliens, and other crimes…committed against aliens, while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States." (Filing No. 9 at p. 6) (citing 8 U.S.C. § 1101(a)(15)(U)). U Visas are available to foreign nationals who are the victims of serious crimes such as rape, kidnapping, or assault and who possess important information about the crime. In order to apply for a U Visa, a foreign national must have a signed certification from a federal, state, or local law enforcement agency verifying that he or she is assisting in the investigation or prosecution of the qualifying crime. (Filing No. 9 at pp. 6-8) (citing 8 C.F.R. § 214.14).

Congress has allocated only 10,000 U Visas per fiscal year since the visa's inception, not including derivative applicants. In fiscal year 2022, USCIS received 29,700 U status applications, and by the end of the year, there were 188,974 pending U status applications, excluding applications filed by qualifying family members. (Filing No. 9 at p. 8). To address this problem, USCIS created a regulatory waiting list for applicants who are qualified to receive a U Visa but are unable to receive one immediately due solely to the cap. (Filing No. 9 at pp. 8-9 (citing 8 C.F.R. § 214.14(d)(2)). Once an applicant is moved to the waiting list, he or she receives deferred action (protection from removal) or parole, and are eligible to receive work authorization. (Filing No. 9 at p. 9). While the waiting list helped address the issue of otherwise eligible immigrants who were without protections or work authorization due solely to the U Visa statutory cap, it created its own backlog because a waitlist determination requires USCIS to assess the full merits of an application. In 2008, Congress recognized that wait times for the U Visa waiting list were growing and U Visa applicants now needed pre-waiting list work authorization, recognizing U Visa applicants "should not have to wait for up to a year before they can support themselves and their families," and added that USCIS should strive to issue work authorization within 60 days of filing. (Filing No. 9 at p. 9) (quoting 154 Cong. Rec. H10,888, 10,905 (Dec. 10, 2008) (statement of Reps. Berman and Conyers), 2008 WL 5169865). Congress therefore allowed pre-waiting list work authorization for "any alien who has

2

a pending, bona fide application for [U] status," commonly referred to as a bona fide determination. (Filing No. 9 at p. 10) (quoting 8 U.S.C. § 1184(p)(6)). This "fix" was intended to ensure that U status applicants could swiftly obtain work authorization and earn a living while assisting law enforcement as they wait for a space on the waiting list and then as they wait for a U Visa to become available under the statutory cap.

Thirteen years after it was enacted, on June 14, 2021, USCIS implemented § 1184(p)(6) and created the Bona Fide Determination ("BFD") Process. (Filing No. 9 at p. 10) (citing USCIS, Policy Alert, Bona Fide Determination Process for Victims of Qualifying Crimes, and Employment Authorization and Deferred Action for Certain Petitioners, Jun. 14, 2021, https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20210614-VictimsOfCrimes.pdf). USCIS issues a BFD to derivative U status applicants if: (1) the principal U applicant has received a BFD; (2) they have submitted a complete Form I-918A; (3) they have submitted evidence of the qualifying family relationship; and (4) they have completed background and security checks based on biometrics. (Filing No. 9 at p. 11). If USCIS denies a bona fide determination, the applicant awaits a waiting list determination instead. The plaintiffs allege the defendants have unreasonably delayed the issuance of BFDs and BFD EADs to all plaintiffs, and, as of the date the first amended complaint was filed, the agency indicates that 80% of applications at all of the agency's service centers will be processed in 61 months. (Filing No. 9 at pp. 12-13).

The plaintiffs filed the Complaint in this action on October 6, 2023, (Filing No. 1), and a First Amended Complaint on November 13, 2023, (Filing No. 9). The plaintiffs are 20 principal U visa petitioners and six derivative U Visa petitioners that have filed and have pending applications for U status filed in accordance with 8 U.S.C. § 1184(p)(6) and USCIS's BFD process. The principal U status applicant plaintiffs have submitted a complete Form I-918; submitted a complete Form I-918B; submitted a personal statement; and completed background and security checks based on biometrics. The derivative U status applicant plaintiffs have submitted a complete Form I-918A; submitted evidence of their qualifying family relationship to the principal; and have completed background and security checks based on biometrics. All the plaintiffs have pending I-765 applications and are eligible for employment authorization upon a determination by USCIS that their applications for U status are bona fide in accordance with 8 U.S.C. § 1184(p)(6) and USCIS's BFD process. See Filing No. 9.

3

In their first amended complaint, the plaintiffs assert a claim against the defendants for unreasonable delay in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 706(1), for "fail[ing] to comply with their statutory obligation to adjudicate Plaintiffs' U status applications and issue BFDs and BFD EADs [Bona Fide Determination Employment Authorization Documents] within a reasonable time." (Filing No. 9 at p. 20). The plaintiffs contend this claim is reviewable because "USCIS is required to make a BFD decision and, under Defendants' binding policies, determine eligibility for a BFD EAD. The plaintiffs assert the defendants have failed to adjudicate Plaintiffs' U status applications and issue them BFDs and BFD EADs as required by the agency's BFD process and § 1184(p)(6). (Filing No. 9 at pp. 20-22).

The plaintiffs have also asserted a claim under the Mandamus Act, 28 U.S.C. § 1361 and All Writs Act, 28 U.S.C. § 1651(a), alternatively claiming the Court has original jurisdiction to compel a United States agency or an officer or employee thereof to perform a nondiscretionary duty, 28 U.S.C. § 1361, and to issue all writs necessary or appropriate in aid of its respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651(a). The plaintiffs assert the defendants have a nondiscretionary duty to determine whether the plaintiffs' pending U status applications are bona fide within the meaning of 8 U.S.C. § 1184(p)(6) and USCIS's binding regulations, including, but not limited to, USCIS Policy Manual, Volume 3, Chapter 5, Bona Fide Determination Process, and whether the plaintiffs are eligible for work authorization and deferred action. By failing or refusing to determine whether the plaintiffs' pending U status applications are bona fide, the defendants have failed to perform nondiscretionary duties owed to the plaintiffs. (Filing No. 9 at p. 22). The plaintiffs ask the Court to "Declare that Defendants' actions and omissions in failing to timely issue bona fide determinations in Plaintiff's cases violate 5 U.S.C. §§ 555(b) and 706(1), 8 U.S.C. § 1184(p)(6) and 8 C.F.R. § 214.14(d)(2);" "Order Defendants to timely issue bona fide determinations" and to "timely adjudicate Plaintiffs' applications for employment authorization;" and to award attorney's fees. (Filing No. 9 at p. 23).

The defendants moved to dismiss the plaintiffs' first amended complaint, asserting this Court does not have jurisdiction over the plaintiffs' claims to compel such discretionary action pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii). (Filing No. 15). Alternatively, the defendants argue all but the lead plaintiff's claims should be dismissed without prejudice because the plaintiffs are improperly joined under Rule 20 of the Federal Rules of Civil Procedure. (Filing No. 15 at p. 2).

4

After the defendants filed their motion to dismiss, the plaintiffs filed a motion for leave to file a second amended complaint. (Filing No. 20). Since the filing of the first amended complaint, eight named plaintiffs have received the relief they seek. The plaintiffs' proposed Second Amended Complaint would voluntarily dismiss those plaintiffs' claims. The plaintiffs also seek to "add and update allegations regarding Defendants' BFD and Waiting List processes, pursuant to 8 U.S.C. § 1184(p)(6), 8 C.F.R. § 214.14(d)(2), and the USCIS Policy Manual, Volume 3, Part C, Chapters 5 and 6." Finally, the plaintiffs seek to add a cause of action under the APA for certain plaintiffs, alleging Defendants have "unreasonably failed to comply with their duty to place them on the U visa waiting list in violation of 8 C.F.R. § 214.14(d)(2) and 5 U.S.C. § 706(1)." The defendants oppose the plaintiffs' motion for leave to amend because such amendments would be futile. The defendants assert that, as with the plaintiffs' First Amended Complaint, the Court lacks subject-matter jurisdiction under the APA because USCIS does not have a nondiscretionary duty to place the plaintiffs on the waiting list as they claim in their proposed new claim. (Filing No. 22). The Court held the defendants' motion to dismiss in abeyance pending its ruling on the motion for leave to amend. (Filing No. 24).

## STANDARDS OF REVIEW

**A. Rule 12(b)(1)**

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges whether the court has subject matter jurisdiction. Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The court has "substantial" authority to determine whether it has jurisdiction. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack'" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). A facial attack is one in which the "defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018). In analyzing a facial attack, the Court must restrict "itself to the face of the

5

pleadings" and grant "the non-moving party. . . the same protections" given in a Rule 12(b)(6) motion. Id. (quoting Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

In a factual attack, the jurisdictional issue raised by a Rule 12(b)(1) motion is "'bound up' with the merits of the case," Croyle ex rel. Croyle v. United States, 908 F.3d 377, 380 (8th Cir. 2018) (quoting Moss v. United States, 895 F.3d 1091, 1097 (8th Cir. 2018)), because the defendant has "challenge[d] the veracity of the facts underpinning subject matter jurisdiction," Davis, 886 F.3d at 679 (quoting Kerns, 585 F.3d at 193). The Court is not bound by Rule 12(b)(6) standards of review in its analysis of a factual attack, and can consider matters outside of the pleadings and need not accept the allegations in the complaint as true. Branson Label, Inc. v. City of Branson, 793 F.3d 910, 915 (8th Cir. 2015). The defendants' challenge to this Court's jurisdiction is a factual attack.

### B. Motion to Amend Pleadings

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Reuter v. Jax Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (quoting Silva v. Metropolitan Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hillesheim, 897 F.3d at 955 (quoting In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc)). "Whether to grant a motion for leave to amend is within the sound discretion of the court." Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999).

### DISCUSSION

The defendants contend the jurisdictional bar at 8 U.S.C. § 1252(a)(2)(b)(ii) requires dismissal of the plaintiffs' claims that USCIS has unreasonably delayed issuing EADs pursuant to

8 U.S.C. § 1184(p)(6). The defendants argue the bona fide determination process does not provide an exception to this bar that would otherwise confer jurisdiction, which includes review of delay claims in the adjudication of employment authorization requests and predicate factual determinations that USCIS makes in deciding whether, in its discretion, to grant EADs. (Filing No. 15 at p. 6). There is support in this jurisdiction for the defendants' position. See *Joshi v. Garland*, No. 4:23-CV-3049, 2024 WL 1363947, at *3 (D. Neb. Mar. 31, 2024). The defendants argue Plaintiffs' proposed second amended complaint contains this same futile claim, and thus opposes the motion for leave to amend. (Filing No. 22).

The defendants also oppose the plaintiffs' proposed amendment to add a claim that the defendants "unreasonably failed to comply with their duty to place them on the U Visa waiting list in violation of 8 C.F.R. § 214.14(d)(2) and 5 U.S.C. § 706(1)," similarly alleging USCIS does not have a nondiscretionary duty to place the plaintiffs on the waiting list. (Filing No. 22 at pp. 1-2). However, in contrast to the statute addressing work authorization, which provides that "USCIS, in its discretion, *may* authorize employment for . . . petitioners and qualifying family members," 8 C.F.R. § 214.14(d)(2) (emphasis added), USCIS regulations regarding the waiting list provide that "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement." 8 C.F.R. § 214.14(d)(2) (emphasis added). This suggests that there is no agency discretion, and thus that claim is not subject to the jurisdictional stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii) (providing, "no court shall have jurisdiction to review . . . any [ ] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.").

The plaintiffs counter that 8 U.S.C. § 1252(a)(2)(B)(ii) does not deprive the Court of jurisdiction to review the plaintiffs' claims challenging the defendants' unreasonably delayed bona fide decisions and issuance of BFD EADs because 8 U.S.C. § 1184(p)(6) is not "wholly discretionary." And, the plaintiffs' position also finds some support in this district. See *Mir et al v. Jaddou*, 4:23-cv-03046-JFB-MDN, at Filing 37 (D. Neb. December 8, 2023).

At this stage, the Court is not entirely convinced the plaintiffs' claims—either as alleged or proposed in their second amended complaint—are jurisdictionally barred. However, the Court requires further briefing on the jurisdictional issues at play, particularly in light of developments in case law since these motions were filed. Because the Court held the defendants' original motion to

dismiss in abeyance, they did not receive an opportunity to file a reply brief in support of that motion. Under the circumstances and in the interest of justice, the Court will permit the plaintiffs to file a second amended complaint that removes the named plaintiffs who have since received the relief they seek,[2] adds a cause of action for certain plaintiffs to allege the defendants have unreasonably failed to comply with their duty to place them on the U Visa waitlist in violation of 8 C.F.R. § 214.14(d)(2) and 5 U.S.C. § 706(1), and adds allegations regarding the defendants' BFD and waiting list processes. See *Becker*, 191 F.3d at 908 ("Whether to grant a motion for leave to amend is within the sound discretion of the court."). The defendants may then file a motion to dismiss the second amended complaint that addresses their jurisdictional arguments and provides any updates in the case law since these motions were filed. The Court will take the matter under consideration once any such motion to dismiss is fully briefed by the parties.

Upon consideration,

**IT IS ORDERED**:

1. The plaintiffs' Motion for Leave to File Second Amended Complaint (Filing No. 20) is granted.
2. The plaintiffs may file a second amended complaint on or before **October 15, 2024.**
3. The defendants' Motion to Dismiss (Filing No. 15) is denied as moot.

Dated this 30th day of September , 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[2] Including any additional named plaintiffs that have since received the relief they sought while these motions were pending.